[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTION TO DISMISS
The question presented in the defendant's Motion to Dismiss is whether a public housing authority that owns and directly leases an apartment receiving a Section 8 subsidy must comply with the more stringent eviction requirements applicable to a public housing authority or the less onerous requirements applicable to Section 8 providers.
The facts giving rise to this motion are not contested. The plaintiff is a public housing agency that is authorized to develop and operate low income housing pursuant to42 U.S.C. § 1437a. The apartment in question receives a subsidy pursuant to the federal Section 8 Substantial Rehabilitation program. See, generally, 42 U.S.C. § 1437a, § 1437c; § 1437f; § 3535(d); and 24 C.F.R. § 881.101 et seq. The plaintiff leases the apartment directly to the defendant. This eviction action, alleging non-payment of rent, was commenced by the service of a notice to quit on March 14, 1994 demanding that the defendant vacate the premises by March 28. The notice advised the tenant that if she did not vacate the apartment by the quit date the plaintiff reserved the right to commence an eviction, and that the plaintiff would accept monies as use and occupancy only. Otherwise the notice did not contain any other warnings or advisements. CT Page 6162
Defendant moves to dismiss this action alleging that the plaintiff, as a public housing agency, is required, but failed, give the defendant at least fourteen days written notice of termination[1] and to inform the tenant of her right to examine housing authority documents and to request a grievance hearing.42 U.S.C. § 1437d(1) provides:
Each public housing agency shall utilize leases which —
 (3) require the public housing agency to give adequate written notice of termination of the lease which shall not be less than. . .
(B) 14 days in the case of nonpayment of rent; and. . .
 (6) specify that with respect to any notice of eviction or termination. . . . a public housing tenant shall be informed of the opportunity, prior to any hearing or trial, to examine any relevant documents, records or regulations directly related to the eviction or termination.
24 C.F.R. § 966.4(1) imposes identical obligations on the public housing agency.
Because the defendant occupies a section 8 apartment, the plaintiff argues that it is governed by the less stringent Section 8 termination procedures set forth at 24 C.F.R. § 881.607. Specifically, § 881.607(c)(2) provides that the tenant be given written notice of the termination and that the termination notice be served in accordance with the requirements of the lease and state law. Unlike a public housing authority, a Section 8 provider is not required to provide a fourteen day termination notice or inform the tenant of her right to inspect relevant documents prior to the termination hearing. The termination notice must simply comply with the lease or state law. Because General Statutes § 47a-23 requires that the notice to quit be served at least five (5) days prior to the quit date, the notice in this case — served on March 14 with a quit date of March 28 — unquestionably satisfies the Section 8 requirements.
Whether the termination procedures utilized by the plaintiff must adhere to those applicable to public housing agencies or Section 8 providers depends on the language and purpose of the applicable statutes and regulations. The defendant relies on CT Page 616342 U.S.C. § 1437d and its implementing regulations,24 C.F.R. § 966.1 et seq. which identifies the lease requirements for public housing authorities:
 The purpose of this subpart is to prescribe the provisions that shall be incorporated in leases by public housing agencies (PHAs) for dwelling units assisted under the U.S. Housing Act of 1937 in projects owned by or leased to PHAs and leased or subleased by PHAs to the tenants. This subpart is applicable to all such dwelling leases entered into directly by PHAs with tenants, and is not applicable to. . . . Section 8 Housing Assistance Payments for units leased by public housing authorities where the owners enter into leases directly with the tenants. (Emphasis supplied.)
The defendant argues that because the plaintiff is a public housing authority and entered into the lease with her the plaintiff is bound by the requirements of 42 U.S.C. § 1437d and24 C.F.R. § 966.1. The defendant claims that the exclusion contained in 24 C.F.R. § 966.1 ("This subpart . . . is not applicable to Section 8 Housing Assistance Payments for units leased by public housing authorities where the owners enter into leases directly with the tenants") applies only to private owners who enter into leases directly with tenants, and therefore, is not applicable to PHAs, such as the plaintiff, that own Section 8 properties.
The flaw in the defendant's argument is that 42 U.S.C. § 1437f
— the statute authorizing the Section 8 program — defines owner as "any private person or entity, including a cooperative, or a public housing agency, having the legal right to lease cooperative, or a public housing agency, having the legal right to lease or sublease dwelling units." (emphasis supplied.) For the purposes of Section 8 leases, therefore, an "owner" applies both to public and private entities and by its terms specifically includes a public housing authority. The defendant is a Section 8 owner within the meaning of 42 U.S.C. § 1437f and is therefore excluded from the requirements of 42 U.S.C. § 1437d in its capacity as a Section 8 owner. Accordingly, the lease requirements of 42 U.S.C. § 1437d(1) and 24 C.F.R. § 966.1 are not applicable to Section 8 units owned by public housing authorities.[2] The defendant's motion to dismiss is denied.